Derek A. Newman, State Bar No. 190467
derek@newmanlaw.com
NEWMAN DU WORS LLP
1201 Third Avenue, Suite 1600
Seattle, WA 98101
Telephone: (206) 274-2800
Facsimile: (206) 274-2801

Attorneys for Movant John Doe

**FILED**
AUG 18 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>Movant,<br><br>v.<br><br>SECURITIES AND EXCHANGE COMMISSION of the UNITED STATES,<br><br>Respondent. | CV 11 4082<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO QUASH ADMINISTRATIVE SUBPOENA**<br><br>Date: to be determined<br>Time: to be determined |

Movant John Doe respectfully submits the following memorandum of points and authorities in support of Doe's Motion to Quash Administrative Subpoena.

## I. INTRODUCTION

Free speech protection extends to the right to speak anonymously over the Internet. In order to obtain Doe's identity from Google's Gmail service through a subpoena, the SEC must demonstrate that it provided notice to Doe, have a valid legal basis for investigation, prove that Doe's identity is necessary, and prove that the harm to Doe's rights is outweighed by investigative needs. The SEC fails to meet these elements.

Should this Court quash the subpoena?

## II. STATEMENT OF FACTS

Doe is the owner of <marketingacesinc@gmail.com>, a free online email address provided by Google. (Declaration of John Doe in Support of Motion to Quash ("Doe Decl.") at ¶ 3.) Doe uses <marketingacesinc@gmail.com> to communicate anonymously over the Internet, including publishing his free-speech protected opinions in online fora. (*Id.*) Doe has chosen not to use his real name, or publish his identifying information, in connection with <marketingacesinc@gmail.com> in order to protect his privacy. (Doe Decl. at ¶ 4.)

The SEC never contacted Doe directly to inform Doe of its subpoena to Google regarding Doe's email account. (Doe Decl. at ¶ 5.) On August 1, 2011, Google sent an email to Doe indicating that Google received an administrative subpoena from the SEC on or about June 20, 2011 (the "June 20, 2011 Subpoena"). (Doe Decl. at ¶ 6.) The June 20, 2011 Subpoena demands that Google produce:

1. Documents sufficient to identify the subscriber's name, account number, current residential or billing address(es), telephone number(s), credit card numbers and checking account numbers, and other subscriber number or identity, including, but not limited to, the Internet Protocol addresses used by the subscriber when registering for the e-mail address "marketingacesinc@gmail.com", and when sending and retrieving messages from that address.

2. All documents that relate to, refer to, or concern communications between Gmail and the subscriber to the e-mail address "marketingacesinc@gmail.com" where Gmail was the sender or intended recipient of the communication.

3. Documents sufficient to identify the names, addresses, phone numbers, and titles of persons at Gmail who can answer questions regarding usage, security, and computerized logging of the Internet server(s) or related computer system(s) on which Gmail's computer services are maintained.

(Doe Decl. at ¶ 7, Exh. A.) The June 20, 2011 Subpoena indicates that it was issued as part of the SEC's "Jammin Java" investigation. (*Id.*) On request of Doe's counsel, the SEC provided a copy of an undated Order Directing Private Investigation in the Jammin Java matter (the "Jammin Java Order"), and required

2
MEMORANDUM IN SUPPORT OF MOTION TO QUASH ADMINISTRATIVE SUBPOENA

Doe to keep the Jammin Java Order confidential. (Declaration of Keith Scully in Support of Motion to Quash ("Scully Decl.") at ¶ 2.)

The Jammin Java Order is a total of three pages long. (Scully Decl. at ¶ 3.) It recites the language of the Securities Act of 1933, and conclusorily alleges that certain persons may have violated it. (*Id.*) It contains no factual information, including no information on the source of the SEC's belief, and no details on how or when the Securities Act might have been violated. (*Id.*) Neither Doe nor the <marketingacesinc@gmail.com> email account is mentioned. (*Id.*)

The SEC is sending numerous subpoenas for different email addresses. (Scully Decl. at ¶ 4.) This firm, and other law firms, has been contacted requesting representation in response to different SEC subpoenas. (*Id.*) For each subpoena, the SEC relies on the same boilerplate Jammin Java Order without providing any detail regarding the particular email address for which information is sought. (*Id.*)

### III. AUTHORITY

**A. The SEC must produce evidence sufficient to support its administrative subpoena in order to overcome Doe's free speech rights.**

Doe has a First Amendment right to anonymous online speech. *See Mcintyre v. Ohio Elections Comm'n,* 415 U.S. 334, 357 (1995); *Buckley v. Am. Constitutional Law Found.,* 525 U.S. 182, 192 (1999); *Talley v. California,* 362 U.S. 28 60. 64 (1960); *Watchtower Bible & Tract Soc'y of New York v. Village of Stratton,* 536 U.S. 150, 166-67 (2002); *Reno v. American Civil Liberties Union,* 521 U.S. 844, 870 (1977); *Arista Records LLC v. Doe,* 604 F.3d 110, 118 (2d Cir. N.Y. 2010). Doe's First Amendment rights are implicated by the SEC's administrative subpoena. *Brock v. Local 375, Plumbers Int'l Union of Am., AFLCIO,* 860 F .2d 346, 349 (9th Cir. 1988) (finding that Department of Labor subpoenas were subject to First Amendment scrutiny). A subpoena that invades First Amendment rights without a legal basis must be quashed. Fed. R. Civ. Proc. 45; *Arista Records LLC v. Doe,* 604 F.3d at 118.

3
MEMORANDUM IN SUPPORT OF MOTION TO QUASH ADMINISTRATIVE SUBPOENA

In order to overcome Doe's free speech rights, the SEC must produce evidence that:

1) The SEC's investigation is supported by sufficient evidence;

2) Doe's identity is relevant to the investigation;

3) The SEC's investigative needs outweigh Doe's First Amendment rights;

4) The SEC provided notice to Doe of the subpoena.

*SaleHoo Group, Ltd. v. ABC* Co., 722 F. Supp. 2d 1210, 1216 (W.D. Wash. 2010).

### B. The SEC cannot produce evidence sufficient to overcome a motion for summary judgment in support of its investigation.

If the SEC wishes to use an investigative subpoena to compel Google to release Doe's identity in breach of Doe's First Amendment right to Internet anonymity, the SEC must submit evidence establishing its legal claims in the investigation sufficient to overcome a motion for summary judgment. *See Anonymous Online Speakers v. United States Dist. Court (In re Anonymous Online Speakers)*, 2011 U.S. App. LEXIS 487 at *14-16 (9th Cir. Jan. 7, 2011)(noting different standards and evaluating summary judgment standard); *SaleHoo Group, Ltd. v. ABC* Co., 722 F. Supp. 2d at 1216; *Highfields Capital Mgmt. L.P. v. Doe*, 385 F. Supp. 2d 969, 970-71 (N.D. Cal. 2005). The mandate that the SEC support its claims in response to a motion to quash is especially key in a sealed investigation because the SEC's investigative subpoena is issued without any judicial oversight, and the SEC's administrative process does not provide any clear guidance for how, or if, Doe could challenge the investigative subpoena administratively. *See* 15 U.S.C. §§77t, 78u; 17 C.F.R. §§203.2, 203.5; 17 C.F.R. §203 *et seq.* (containing rules relating to SEC investigations and subpoenas in administrative investigations). Indeed, 17 C.F.R. § 201.100 expressly provides that the SEC's Rules of Practice – which otherwise permit the direct filing of an administrative request to quash with the SEC – generally *do not apply* to sealed

1 investigations such as this one.

2   The SEC has not established *any* evidence supporting its legal claims.
3 (Scully Decl. at ¶ 3.) It has not even revealed the *nature* of its legal claims, beyond
4 conclusory assertions that the Securities Act may have been violated. (*Id.*) Absent
5 evidence sufficient to defeat a motion for summary judgment in the Jammin Java
6 investigation, the SEC is not entitled to demand that Google identify Doe.

7 **C.  Even if the SEC could produce evidence supporting the Jammin Java investigation, the SEC cannot produce evidence linking Doe to that investigation.**
8

9   The SEC must demonstrate that the information sought by the subpoena is
10 necessary to identify the anonymous speaker and that the anonymous speaker's
11 identity is relevant to the SEC's legal claim. *SaleHoo Group, Ltd. v. ABC* Co., 722
12 F. Supp. 2d at 1216. In other words, the SEC must demonstrate, with evidence
13 sufficient to overcome a motion for summary judgment, that Doe has a connection
14 to the Jammin Java investigation. The SEC cannot do so; the Jammin Java Order
15 does not even mention either Doe or the <marketingacesinc@gmail.com> email
16 account.

17 **D.  Even if the SEC could produce evidence linking Doe to the Jammin Java investigation, the SEC must prove that the relevance to its investigation of Doe's identity outweighs the harm to Doe.**
18

19   Doe used the <marketingacesinc@gmail.com> email account anonymously
20 in order to protect his privacy while expressing his opinion. (Doe Decl. at ¶¶ 3-4.)
21 Even if the SEC could prove that it had a legal basis to demand Doe's identity –
22 which it cannot - this Court must still assess and compare the magnitude of the
23 harm that would be caused to Doe in relation to the benefit to the SEC before
24 allowing Google to release Doe's personal information. *SaleHoo Group, Ltd. v.*
25 *ABC* Co., 722 F. Supp. 2d at 1217; *USA Technologies, Inc. v. Doe,* 713 F. Supp. 2d
26 at 907.

27   The SEC has presented no information indicating that the
28 <marketingacesinc@gmail.com> account or Doe were involved in the Jammin

5
MEMORANDUM IN SUPPORT OF MOTION TO QUASH ADMINISTRATIVE SUBPOENA

Java investigation, and the SEC is not entitled to explore Google's files to invade Doe's substantial anonymity rights absent such proof. (Scully Decl. at ¶ 3.)

**E. The SEC failed to make any attempt to notify Doe of the June 20, 2011 Subpoena.**

The SEC must make reasonable efforts to notify Doe of the June 20, 2011 Subpoena. *SaleHoo Group, Ltd. v. ABC* Co., 722 F. Supp. 2d at 1215; *Doe v. Individuals*, 561 F. Supp. 2d 249, 254 (D. Conn. 2008)(Posting notice of a subpoena seeking information regarding anonymous users of an Internet bulletin board on the bulletin board itself is sufficient notice). The SEC has not notified Doe that it was sending a subpoena. The SEC has Doe's email address, but Doe only learned of the subpoena through Google. The SEC's failure to provide notice deprives the SEC of the ability to use the administrative subpoena process to compel disclosure of private information.

## IV. CONCLUSION

The SEC may only invade Doe's First Amendment rights after demonstrating that it has a legal basis to do so. The SEC has presented no information justifying the June 20, 2011 Subpoena, and the subpoena should be quashed.

Dated: August 18, 2011

**NEWMAN DU WORS LLP**

Derek Newman
Attorneys for Movant John Doe