Derek A. Newman, State Bar No. 190467
derek@newmanlaw.com
Keith Scully, Admitted Pro Hac Vice
NEWMAN DU WORS LLP
1201 Third Avenue, Suite 1600
Seattle, WA 98101
Telephone:    (206) 274-2800
Facsimile:    (206) 274-2801
Attorneys for Movant John Doe

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>        Movant,<br><br>   v.<br><br><br>SECURITIES AND EXCHANGE COMMISSION of the UNITED STATES,<br><br>      Respondent. | No. 3:11-mc-80208-CRB<br><br>MOTION FOR DE NOVO DETERMINATION[1] OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE<br><br>The Honorable Charles R. Breyer<br>Date: November 18, 2011<br>Time: 10:00 a.m.<br>Location: Courtroom 6, 17th Floor |

NOTICE IS HEREBY GIVEN that on November 18, 2011, at 10:00 a.m., in the courtroom of the Honorable Charles R. Breyer, Movant John Doe will and hereby does move the Court to modify the October 4, 2011 Order Denying Motion to Quash Subpoena of Magistrate Judge Nandor Vadas.

---

[1] L.R. 72 provides for different mechanisms for review of a dispositive and nondispositive order from a magistrate. It is Movant's position that the Magistrate's order is dispositive, because it disposes of the sole issue in this miscellaneous case: whether Google must comply with the SEC's subpoena. However, because the Magistrate captioned his ruling as a nondispositive Order rather than a dispositive Findings and Conclusions, this Motion complies with the length and other requirements of L.R. 72(a), governing nondispositive rulings.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.      INTRODUCTION, RELIEF REQUESTED, AND ISSUE PRESENTED

Free speech protection extends to the right to speak anonymously over the Internet.  In order to overcome Doe's constitutional right to anonymous free speech and discovery Doe's identity from Google's Gmail service through a subpoena, the SEC must demonstrate that discovery of Doe's identity is rationally related to a compelling governmental interest. The SEC produced only conclusory statements that securities violations might have occurred in connection with communications regarding a company's stock, without providing any evidence supporting its claims or proving that Doe's Gmail address was connected to lawbreaking.  Did the Magistrate err in concluding that the SEC produced sufficient evidence to support its subpoena?

## I.      STATEMENT OF FACTS

Doe is the owner of <marketingacesinc@gmail.com>, a free online email address provided by Google. (Dkt No. 3, Declaration of John Doe in Support of Motion to Quash ("Doe Decl.") at ¶ 3.)   Doe uses <marketingacesinc @gmail.com> to communicate anonymously over the Internet, including publishing his free-speech protected opinions in online fora. (*Id.*)  Doe has chosen not to use his real name, or publish his identifying information, in connection with <marketingacesinc @gmail.com> in order to protect his privacy. (Doe Decl. at ¶ 4.)

On August 1, 2011, Google sent an email to Doe indicating that Google received an administrative subpoena from the SEC. (Doe Decl. at ¶ 6.)  The subpoena demands that Google identify Doe and produce all communications between Google and Doe. (Doe Decl. at ¶ 7, Exh. A.) The subpoena indicates that it was issued as part of the SEC's "Jammin Java" investigation. (*Id.*)

Doe moved to quash. In opposition to Doe's motion, the SEC produced only its Order Directing Private Investigation in the Jammin Java matter (the "Jammin Java Order"), a declaration from its attorney, a chart showing the Jammin Java company's

1   stock price, and the Jammin Java corporation's SEC quarterly report. (Dkt. No. 11,

2   Response re Motion to Quash ("SEC's Response") and attachments.)

3
4       The Jammin Java Order is a total of three pages long. (SEC's Response at Exh. 1,

5   Att. A) It recites the language of the Securities Act of 1933, and conclusorily alleges that

6   certain persons may have violated it. (*Id.*)  It contains no factual information, including

7   no information on the source of the SEC's belief, and no details on how or when the

8   Securities Act might have been violated. (*Id.*)  Neither Doe nor the <marketingacesinc

9   @gmail.com> email account is mentioned. (*Id.*)  Similarly, the declaration from the

10  SEC's attorney conclusorily states that the "SEC has obtained information indicating that

11  the email address 'marketingacesinc@gmail.com' potentially belongs to a touter" in the

12  Jammin Java "scheme," without providing any supporting evidence. (SEC's Response at

13  Att. 1).

14      On October 4, 2011, Magistrate Judge Nandor Vadas denied Doe's motion to

15  quash. (October 4, 2011 Order Denying Motion to Quash Subpoena ("Order")).

16                          **II.    AUTHORITY**

17

18  **A.    The Magistrate erred by finding that Doe's right to anonymous speech was
        not implicated by the SEC's subpoena.**

19
20      Doe bore the initial burden of demonstrating that the SEC's subpoena invaded a

21  protected interest. *Brock v. Local* 375, *Plumbers Int'l Union of Am., AFLCIO,* 860 F .2d

22  346, 349 (9th Cir. 1988). The Magistrate erred by finding that Doe had not done so by

23  invoking his right to anonymous free speech. Order, at p. 4:24-5:4.  In *Anonymous Online

24  Speakers v. United States Dist. Court* (In re Anonymous Online Speakers), 2011 U.S.

25  App. LEXIS 487 at * 6 (9th Cir. Jan. 7, 2011), the 9th Circuit held that "online speech

26  stands on the same footing as other speech" and that identifying an anonymous Internet

27  speaker invoked constitutional protections.  The Magistrate erroneously relied on pre-

28  *Anonymous Online Speakers* authority to conclude that revelation of Doe's Gmail

1  subscriber information did not invade his protected speech rights.  But the subscriber

2  information to a Gmail account identifies the speaker that uses the account, and Doe's

3  right to remain anonymous is implicated by a subpoena discovering that information.

4  **B.     The Magistrate erred in concluding that the SEC proved that discovering
5          Doe's identity was rationally related to a compelling governmental interest.**

6          Once Doe has identified a protected interest, the SEC bears the burden of proving

7  that its interest outweighs Doe's constitutional rights. *Perry v. Schwarzenegger*, 591 F.3d

8  1147, 1161 (9th Cir. 2010).  The SEC claims that Doe's Gmail address may have been

9  involved in a "pump and dump" scheme with the Jammin Java coffee corporation.

10  (SEC's Response at 2:5-24). In order to prove that a violation of the Securities Act has

11  occurred under the SEC's "pump and dump" theory, the SEC had to prove that false and

12  misleading statements about Jammin Java were made to the marketplace. *United States v.*

13  *Zolp*, 479 F.3d 715, 717 n.1 (9th Cir. 2007).  The SEC did not produce any statements that

14  it alleged were false.  It admitted that it was "still in the process of determining what

15  federal securities laws violations, if any, have even been committed and by whom."

16  (SEC's Response at 7:22-24.)

17          The SEC's evidence is solely that the Jammin Java company's stock rose and then

18  fell at the same time that the Internet communications regarding the company were made,

19  and that Jammin Java filed documents indicating it had an intellectual property asset and

20  a coffee farm, but had yet to produce any coffee. (SEC's Response at 2:8-13.) A rise and

21  fall of stock in a new company with a valuable intellectual property asset occurs

22  continually in the market, and is not alone evidence of fraud. Moreover, it is not illegal to

23  send communications about a new company with a valuable and as-yet untapped asset.

24  Moreover, the SEC's only admissible evidence supporting its claim that Doe's account

25  was involved was its attorney's conclusory statement.

26  **C.     The Magistrate erred by failing to apply the *Anonymous Online Speakers* test.**

27          The Magistrate correctly held that *Brock v. Local 375, Plumbers Int'l Union*, 860

28  F.2d at 349, mandates that the SEC demonstrate that its administrative subpoena is

1   rationally related to a compelling governmental interest. Order at 6:9-10.  Under any

2   reading of *Brock*, the SEC's evidence fails.  But the Magistrate further erred by failing to

3   apply the *Anonymous Online Speakers* test for discovery of anonymous Internet identities

4   via a subpoena, holding that *Anonymous Online Speakers* and its progeny were limited to

5   civil discovery subpoenas and not administrative subpoenas.  *Anonymous Online*

6   *Speakers*, 2011 U.S. App. LEXIS 487.  But the tests for administrative subpoenas and

7   civil discovery subpoenas are the same. *e.g., Perry v. Schwarzenegger*, 591 F.3d 1147,

8   1161 (9th Cir. 2010)(Applying *Brock* to a civil discovery subpoena). The SEC must

9   demonstrate, with evidence sufficient to defeat a motion for summary judgment,[2] that it

10  has a valid legal basis for investigation, prove that Doe's identity is necessary to that

11  investigation, and prove that the harm to Doe's rights is outweighed by investigative

12  needs. *Anonymous Online Speakers,* 2011 U.S. App. LEXIS 487.

### III.    CONCLUSION

13

14         The SEC may only invade Doe's First Amendment rights after demonstrating that

15  it has a legal basis to do so.  The SEC has presented insufficient information justifying

16  the June 21, 2011 Subpoena, and the subpoena should be quashed.

17

18         Dated: October 6, 2011

19

20                              **NEWMAN DU WORS LLP**

21

22                              Keith Scully
                                Attorneys for Movant John Doe
23

24

25

26

27  [2] The 9th Circuit found no clear error in the District Court's application of the summary judgment
28  standard. *Anonymous Online Speakers,* 2011 U.S. App. LEXIS 487 (9th Cir. Jan. 7, 2011).